142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Filomena MENDEZ; Carlos Alberto Mendez, Petitioners,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70826.
INS No. Ahn-whx-fgp/551.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998**.
Decided April 28, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before BRUNETTI, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Filomena Mendez and her son, Carlos Alberto Mendez, natives and citizens of Guatemala, petition pro se for review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal from the immigration judge's ("IJ") denial of their application for asylum and withholding of deportation. See 8 U.S.C. §§ 1158(a), 1253(h) (1994).[1] We have jurisdiction pursuant to 8 U.S .C. § 1105a[2] and deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is ineligible for asylum, see Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and we will reverse that decision only if the evidence compels a contrary result, see Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Mendez contends that the BIA's determination that she is not eligible for asylum is not supported by substantial evidence. This contention is without merit.
 
 
 5
 Mendez did not establish that the guerillas' attempts to recruit her were on account of her political opinion, real or imputed. See INS v. Elias-Zacarias, 502 U.S. 478, 482-83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); Sangha v. INS, 103 F.3d 1482, 1489-91 (9th Cir.1997). Mendez testified that the guerillas targeted her not because of her political opinion but because they wanted her support. Accordingly, substantial evidence supports the BIA's determination that Mendez was not eligible for asylum.
 
 
 6
 Because the evidence does not compel the conclusion that Mendez's harrassment by the guerillas was on account of a political opinion, real or imputed, we deny the petition. See Elias-Zacarias, 502 U .S. at 482-83; Sangha, 103 F.3d at 1489-91. Because Mendez did not meet the lower standard for asylum, she could not meet the higher standard for withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). We therefore conclude that the BIA properly denied Mendez's application for asylum.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Carlos Mendez is seeking derivative asylum status from Ms. Mendez's application, we refer only to Ms. Mendez in this disposition
 
 
 [2]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 206(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commended before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a